IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 612-02






KEVIN B. SAUCEDA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., filed a concurring opinion.


O P I N I O N



 I join the opinion of the Court. If it is true that error is not preserved in a situation such as this,
despite timely objection, because the inadmissible evidence was not admitted, then error is also, by analogy,
not preserved, despite timely objection, when admissible evidence is not admitted. Under this logic, a trial
court may rule incorrectly with impunity merely by refusing to admit the proffered evidence, whatever its
nature. If the incorrect ruling significantly affects the ability of either party to present its case, surely we do
not wish to shield that incorrect ruling from review. Surely we do not want to force an appellant to choose
between calling the witness and having the inadmissible inflammatory evidence admitted, to his probable
detriment, or not calling the only witness who can testify about a substantive issue or an issue of mitigation. 

 In the case at bar, appellant chose not to call the CPS worker to impeach the complainant on the
narrow issue of use of weapons because of the trial court's ruling that to do so would allow the state to
present the entire taped interview, regardless of its connection to the narrow scope of the proposed
impeachment. There was no other witness who could give the needed testimony. The tape contained much
comment on extraneous offenses of an inflammatory nature. Thus caught between a rock and hard place,
appellant's ability to present his defense was impermissibly impaired. Neither state nor appellant should
be required to plead its case under such strictures.


 Johnson, J.


Delivered: March 10, 2004

En banc

Publish